LIPEZ, Circuit Judge.
Appellant José Rivera-Rivera was convicted in 2005 on three charges stemming from the armed robbery of a lottery ticket business at a mall in Caguas, Puerto Rico. On direct appeal, a divided panel of this court affirmed his conviction and sentence. See United States v. Rivera-Rivera, 555 F.3d 277 (1st Cir. 2009). Rivera subsequently petitioned for post-conviction relief under 28 U.S.C. § 2255, claiming ineffective assistance of counsel based on multiple instances of alleged inadequate representation. The district court concluded that none of the asserted flaws warranted relief. We granted a certificate of appealability on the one question linked to the issue that split the prior panel: “whether petitioner’s trial attorney had provided ineffective assistance of counsel in failing to move for a judgment of acquittal on the Hobbs Act charge.” After carefully considering Rivera’s claim, we affirm.
*186 I. Background
Rivera and co-defendant Ramón Sán-chez-Rosado were convicted for taking approximately $9000 and other items from a lottery ticket business at the Mufiiz Gallery shopping mall after forcing the mall manager, at gunpoint, to open the business’s safe. See Rivera-Rivera, 555 F.3d at 280-81. A jury found the defendants guilty on all three counts charged: (1) aiding and abetting an armed robbery affecting interstate commerce, in violation of the Hobbs Act, (2) using a firearm in connection with the robbery, and (3) being a felon in possession of a firearm. Id. at 281-82. Rivera was sentenced to 415 months’ imprisonment.
Among other issues raised in their direct appeal, the defendants claimed that the government had failed to offer sufficient evidence of the robbery’s effect on interstate commerce, as required to support a Hobbs Act violation.[1] In rejecting this claim, the panel majority applied plain error review because the claim had not been raised below.[2] The majority noted, however, that “[e]ven if we were reviewing the appellants’ sufficiency claim de novo, ... we would be hard pressed to find the evidence regarding the interstate commerce nexus insufficient to support the verdict.” Id. at 287. The dissenting judge found the evidence inadequate because “the record lacks proof of future interstate purchasing by [the] business on which the robbery could have had an impact.” Id. at 295 (Lipez, J., dissenting).
Following disposition of his direct appeal, Rivera filed a pro se petition under 28 U.S.C. § 2255 seeking relief from his sentence and a new trial based on ineffective assistance of counsel in violation of his Sixth Amendment rights. He argued, inter alia, that counsel was ineffective in failing to move for acquittal on the Hobbs Act charge based on the insufficiency of the evidence linking the lottery business to interstate commerce.[3]' The district court denied the motion. With respect to the Hobbs Act claim, the court held that, “because there was sufficient evidence to prove a nexus to interstate commerce, [it could not] find counsel deficient in his choice not to raise a futile sufficiency argument.” The court declined to issue a certificate of appealability on any issue. See Rule 11(a), Rules Governing §2255 Proceedings (directing the district court to “issue or deny a certificate of appealability when it enters a final order adverse to the applicant”).
Rivera then applied to this court for a certificate of appealability on four claims. See Fed. R. App. P. 22(b)(1) (“[I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a *187 certificate of appealability under 28 U.S.C. § 2258(c).”); Rule 11(a), Rules Governing § 2255 Proceedings (“If the [district] court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22”). We granted the certificate only on the issue of counsel’s failure to move for acquittal on the Hobbs Act charge.[4] We also granted Rivera’s motion for appointment of counsel. This appeal followed.
II. Discussion
To succeed with a claim of ineffective assistance of counsel, a criminal defendant must establish both that “his attorney’s performance was deficient under an objective standard of reasonableness; and [that] his defense suffered prejudice as a result.” United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013); see also Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, we begin and end with the prejudice inquiry. See Carrigan, 724 F.3d at 44 (“Failure to satisfy one of the Strickland prongs is fatal and, therefore, we are free to tackle either prong first.”).
Under Strickland, “[i]t must be ‘reasonably likely’ that the result of the criminal proceeding would have been different” if counsel had performed as the defendant asserts he should have. Hensley v. Roden, 755 F.3d 724, 736 (1st Cir. 2014) (quoting Strickland, 466 U.S. at 696, 104 S.Ct. 2052). Moreover, “that likelihood ‘must be substantial, not just conceivable.’ ” Id. (quoting Harrington v. Richter, 562 U.S. 86, 112, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)). Hence, Rivera’s Sixth Amendment claim will fall short unless he can show a substantial likelihood that he would have obtained a different outcome on the Hobbs Act count if his attorney had moved for judgment of acquittal based on inadequate evidence of the robbery’s impact on interstate commerce.[5] Rivera is unable to satisfy that standard.
Rivera’s post-conviction claim that his attorney unreasonably failed to challenge the evidence on interstate commerce was presented to the same judge who presided over his trial. In evaluating that claim, the trial judge expressly agreed with the view of the First Circuit panel majority, holding that “there was sufficient evidence to prove a nexus to interstate commerce.” This determination means it is unlikely that a motion for judgment of acquittal filed during trial would have succeeded. In effect, the judge to whom such a motion would have been submitted has stated that the motion would have been denied.
Nor has Rivera shown the requisite likelihood of a different result in the direct appeal if this particular sufficiency claim had been preserved at trial. To the contrary, the majority strongly indicated that its conclusion would have been the same under a de novo review of the record. Indeed, the issue turned primarily on the interpretation and application of precedent, which both the majority and dissent discussed at some length. See Rivera-Rivera, 555 F.3d at 285-89, 293-98. We thus see no chance that plenary review would have changed the majority’s analysis.[6]
*188 Finally, we note that Rivera also criticizes his attorney for failing to develop evidence showing that “the business contacts with interstate commerce were remote and did not amount to the required nexus.”[7] However, this contention is materially different from the issue on which we granted the certificate of appealability, i.e., counsel’s failure to challenge the adequacy of the evidence presented by the government on that element. Moreover, under the panel majority’s reasoning, we see no likelihood that additional evidence would have changed the result. Pointing to testimony that some of the lottery business customers were from out of state, the majority declared that “[t]his evidence alone suffices to establish the requisite interstate commerce nexus.” Rivera-Rivera, 555 F.3d at 288. We therefore do not further address this variation on Rivera’s Sixth Amendment claim.
Accordingly, even assuming that counsel’s fáilure to move for acquittal based on • insufficient evidence of the robbery’s effect on interstate commerce was deficient performance under Strickland, Rivera has not satisfied the prejudice prong of the two-part inquiry into ineffective assistance of counsel.[8] Hence, we affirm the denial of his petition for relief under 28 U.S.C. § 2255.
So ordered.

. The Hobbs Act provides that "[wjhoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion ... shall be fined ... or imprisoned.” 18 U.S.C. § 1951(a).

. The panel majority observed that the defendants had moved for judgment of acquittal on the robbery and related firearm charges, but had not done so "on the basis that the government failed to present sufficient evidence that the lottery business was engaged in interstate commerce.” Rivera-Rivera, 555 F.3d at 285 n. 7. The dissenting panel member nonetheless considered the issue preserved because the district court had cut off counsel’s motion in mid-sentence, thus denying defendants the opportunity to "specifically refer to the interstate commerce element.” Id. at 294 n. 17.

.Rivera also alleged ineffective assistance based on his attorney’s failure to move to suppress evidence, object to certain jury instructions, request other instructions, and make an opening statement, and he also cited counsel’s acquiescence to certain factual stipulations.

.On the other claims, we concluded that Rivera had "failed to make 'a substantial showing of the denial of a constitutional right.' ” Rivera-Rivera v. United States, No. 11-2132, Order (Nov. 5, 2013) (quoting 28 U.S.C. § 2253(c)(2)).

. Both the robbery conviction and related firearms conviction would be unsupportable if there were insufficient .evidence of the robbery’s impact on interstate commerce. See Rivera-Rivera, 555 F.3d at 285 n. 5, 282.

. Because the sufficiency claim necessarily involved application of legal precedent to the *188 evidence adduced at trial, we also discern no abuse of discretion in the district court’s decision not to hold an evidentiary hearing on this claim. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing must be held “[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief”).

. The defense presented no evidence at trial.

. Although the dissent presents a compelling case for deficient performance by Rivera’s counsel, we disagree, as explained above, that the record permits us to find that Rivera has met the requisite prejudice standard. Specifically, given the post-trial rulings of the original panel and the district court, we cannot agree that a sufficiency-of-the-evidence objection at trial based on the interstate commerce element would have had a substantial likelihood of success. Indeed, all indications are to the contrary. The original panel majority rejected the view of the law advanced by the dissent here (and in the original case), and the district court followed the majority’s lead in its post-conviction review. That legal judgment, based on an analysis of the precedent, would not be limited to the plain error context. Hence, the original panel's suggestion that the outcome of the case would not change on de novo review cannot be dismissed as mere dicta.